**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar # 207387
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958
Decker@luch.com

Counsel for Plaintiffs,
Trustees of the Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>NANCIE'S SWEEPING, INC., a California corporation,<br><br>Defendant. | CASE NO.: CV 08-05287 SVW (FFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS**<br><br>DATE:     October 5, 2009<br>TIME:     1:30 p.m.<br>CTRM:    6 |

Pursuant to the Court's Findings of Fact and Conclusions of Law filed on August 14, 2009, Plaintiffs the Trustees of the Operating Engineers Pension Trust, the Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Vacation-Holiday Savings Trust, and the Trustees of the Operating Engineers Training Trust (hereinafter collective "the Trustees") submit the following points and authorities in support of their motion for attorneys' fees, double interest, audit costs and costs.

///

**I.   THE MASTER LABOR AGREEMENT AND ERISA REQUIRE THE PAYMENT OF ATTORNEYS' FEES, LIQUIDATED DAMAGES, PREJUDGMENT INTEREST AND AUDIT COSTS.**

The Master Labor Agreement provides in pertinent part:

> All signatory Employers found to be delinquent shall pay for all legal expenses, including attorney's fees and auditing costs **in connection with such delinquency**, plus liquidated damages in the amount of Twenty-Five Dollars ($25.00) or ten percent (10%) of the total sum of the contributions, whichever is greater, to the Trust Fund to which delinquent contributions were owed.

*(emphasis added) See* Art. XVIII, Sec. H of Trial Exhibits 8-10.  The Ninth Circuit has held this type of clause to be fully enforceable.  "[T]he federal labor policy of enforcing the parties' intent as expressed in their negotiated agreement is paramount." *Waggoner v. Northwest Excavating, Inc*., 642 F.2d 333, 339 (9th Cir. 1981), reaff'd on remand, 685 F.2d 1224 (9th Cir. 1982).

Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)] was added in 1980 to require the payment of interest, liquidated damages and attorneys' fees in actions to collect unpaid fringe benefit contributions:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court **shall** award the plan:
>
> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of--
>
>   (i)   interest on the unpaid contributions, or
>
>   (ii)  liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentages as may be permitted under Federal or

        State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal and equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

29 U.S.C. § 1132(g)(2).

  In *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514-515 (9th Cir. 1984) and *Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc.,* 795 F.2d 1501, 1508 (9th Cir. 1986), the Ninth Circuit held that the damages specified in Section 502(g)(2), including attorney's fees, *must* be awarded whenever a trust fund obtains a judgment for unpaid contributions.  This is the "settled law" in the Ninth Circuit. *Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984).

  The Trustees are seeking attorneys' fees in the amount of $199,195.43 pursuant to the terms of the Master Agreement and 29 U.S.C. § 1132(g)(2)(D).  Decl. Decker, ¶¶ 2 and 5.  29 U.S.C. § 1132 (g)(2) makes an award of attorneys' fees mandatory when trust funds prevail in actions to enforce and collect benefit fund contributions.  *Kemmis v. McGoldrick*, 706 F.2d 993, 997 (9th Cir. 1983).  In this case, the Court found that the Trustees are entitled to $274,744.05 in fringe benefit contributions.  ERISA is designed to ensure that benefit funds "not only are reimbursed for delinquent contributions but also that they will receive 'significant extra funding at the delinquent employer's expense.' [citations omitted] ERISA accordingly permits the recovery of delinquent contributions, interest, liquidated damages, costs and attorney's fees." *New York State Teamsters Conference Pension & Retirement Fund by Bush v. Fratto Curbing Co.*, 875

F. Supp. 129, 131 (D.N.Y. 1995). As a result, the Court should award the Trustees the entire amount of its attorneys' fees which were incurred in connection with such delinquency.

## II. THE TRUSTEES' ATTORNEYS' FEES ARE REASONABLE.

The Court may, however, consider the reasonableness of a fee award under 29 U.S.C. § 1132 (g)(2). *Kemmis v McGoldrick,* supra, 706 F.2d at 997-998. In ERISA cases, reasonable attorneys' fees "are calculated using a hybrid lodestar/multiplier approach." *McElwaine v. US West, Inc.,* 176 F.3d 1167, 1173 (9th Cir. 1999). Under this approach, the Court must first determine the "lodestar figure," which is calculated by multiplying "the number of hours reasonably expended on the litigation … by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Next, the Court looks to the "Johnson/Kerr" factors traditionally used to assess the reasonableness of attorneys' fees to determine whether to increase or reduce the presumptively reasonable lodestar fee. *Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir. 1986). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975); *Seymour v. Hull & Moreland Engineering*, supra, 605 F.2d 1105, 1117 (9th Cir. 1979).

Increases or decreases to the lodestar fee are only warranted in rare or exceptional cases. *Blum v. Stenson,* 465 U.S. 886, 898-901(1984); *Harris v. Marhoefer*, 24 F. 3d 16, 18 (9th Cir. 1994); *Clark v. City of Los Angeles,* 803 F.2d 987, 990-991 (9th Cir. 1986).

- 4 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**
243943.1

### A.     Lodestar Figure.

The lodestar figure is calculated by multiplying "the number of hours reasonably expended on the litigation … by a reasonable hourly rate." *Hensley v Eckerhart*, 461 U.S. 424, 433.  Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate.  *Widrig v. Apfel,* 140 F.3d 1207, 1209 (9th Cir. 1998); *Guam Soc'y for Obstetricians & Gynecologists v. Ada*, 100 F.2d 691, 696 (9th Cir. 1996).  A plaintiff must submit "satisfactory evidence … that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v Stenson*, supra, 465 U.S. at 895-896.

In this case, the reasonableness of the hourly rates charged is established by the Declaration of Angelo T. Nicodemo in Support of Motion for Attorneys' Fees  filed concurrently herewith ("Decl. Nicodemo"), ¶¶ 4-5.  The hourly rates charged to the Trustees by Laquer, Urban, Clifford & Hodge LLP ($195.00 to $280.00 for attorneys and $95.00 for paralegals) are reasonably within the range of fees charged by law firms to multi-employer, Taft-Hartley Trust Funds in Southern California.  Decl. Nicodemo, ¶5.

The Ninth Circuit recently addressed the rates charged by ERISA plaintiffs' attorneys.  The court observed that fees of "$375 to $400 per hour [are] in line with the prevailing market rate." *Welch v. Metropolitan Life Ins. Co.*, 480 F. 3d 942, 947 (9th Cir. 2007).  The Ninth Circuit reversed the district court's reduction of an attorney's rate of $250 per hour, noting that the evidence showed the amount was "well below the prevailing market rate for ERISA plaintiffs' lawyers of comparable skill." *Id*.  Here, the maximum rate charged to the Trustees was $280.00 per hour for partner time.  Based on this Ninth Circuit decision, the rates charged to the Trustees are reasonable and compare favorably to the prevailing market rates.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

243943.1

Further, review of the legislative history of the statute provides further proof that Congress intended that trust funds be awarded the full measure of damages set forth in the statute.

> Delinquencies of employers in making required contributions are a serious problem. Failure of employers to make promised contributions in a timely fashion imposes a variety of costs on plans…The public policy of this legislation to foster the preservation of the private multiemployer plan system mandates that provision be made to discourage delinquencies and simplify delinquency collection…A plan sponsor that prevails in any action to collect delinquent contributions will be entitled to recover the delinquent contributions, court costs, attorney's fees, and double interest on the contributions owed. The intent of this section is to promote prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies.

*Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company*, 522 F.Supp. 919, 927 (E.D. Mich. 1981) [quoting the House Committee on Education and Labor Report, H.R.Rep. No. 869, 96th Cong., 2d Sess. (1980) Part I]. In short, the public policy is to make trust funds whole.

In determining reasonable hours, the party requesting fees bears the burden of submitting detailed time records justifying the hours claimed to have been expended. *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1985). From July 2008, through the date of the filing of this motion, attorneys and paralegals from Laquer, Urban, Clifford & Hodge LLP spent 1,034.10 hours on this case. The detailed time records justifying the hours of legal work claimed are contained within the Declaration of Marija Kristich Decker In Support of Motion For Attorneys' Fees, Double Interest and Costs concurrently filed herewith ("Decl. Decker"), Exhibit A.

The amount of the fees sought is also established by the declaration of Marija Kristich Decker. The hours reflected in the time records are justified considering the circumstances of this case. *See* Decl. Decker, ¶¶ 2-4. All of the amounts paid by the client to the Trustees' legal counsel ($181,967.00) in connection with the defendant's

///

delinquency should be included in the Court's award of attorneys' fees consistent with the Master Agreement and ERISA's policy of making trust funds whole.

### B.  Johnson/Kerr Factors.

The Kerr Factors are discussed in detail in the declaration of Marija Kristich Decker.  *See* Decl. Decker, ¶ 4.  From July 2008 through the present, counsel for the Trustees spent considerable time on this matter.  Decl. Decker ¶¶ 2-4, Exhibit A.  This was an unusual collection case.  Defendant's failure to cooperate in every aspect of this case resulted in counsel for the Trustees spending many more hours than otherwise would have been spent in presenting this matter.  *See* Decl. Decker, ¶ 4.

The Trustees have a fiduciary obligation under ERISA to pursue the collection of delinquent fringe benefit contributions.  The amount of time spent by legal counsel and paralegals on the estimated portion of its claim was nominal in comparison to the amount of time spent conducting discovery, handling discovery disputes, responding to three applications for temporary restraining orders, preparation for trial, and dealing with the overall lack of cooperation from defendant throughout this case.  Decl. Decker, ¶ 4.  As a result, the Court should award the Trustees the entire amount requested for attorneys' fees.

### C.  Trustees Are Entitled To Copying and Scanning Costs and Legal Research Fees Pursuant to 29 U.S.C. § 1132(g)(2)(D) or (E).

The Ninth Circuit recently found that litigation expenses, including but not limited to charges for computerized legal research, shall be awarded if separate billing for such expenses is "the prevailing practice in the local community."  *Trustees of the Construction Industry v. Redland Insurance Company, supra*, 460 F. 3d 1253, 1259; *Toven v. Metropolitan Life Insurance Co.,* 2009 U.S. Dist. LEXIS 20800, 14 (C.D. Ca. 2009); 29 U.S.C. § 1132(g)(2)(D).  Here, copying and printing costs, and legal research fees are billed separately from, and in addition to, the hourly rate charged for attorneys' fees.  *See* Decl. Decker, ¶ 5.  This is the prevailing practice in the community.  *Id.* Therefore, the Trustees are entitled to $17,228.43 for these costs.

Alternatively, "subsection (E) affords the court the opportunity to award such other legal or equitable relief as the court deems appropriate." *Operating Engineers Pension Trust v. A-C Company, supra*, 859 F.2d 1336, 1342. An award of the copying and printing costs and legal research fees incurred by the Trustees in pursuing their claims for unpaid fringe benefit contributions is consistent with the public policy of making trust funds whole.

### III.   PURSUANT TO 29 U.S.C. §1132 (g)(2)(B) THE TRUSTEES ARE ENTITLED TO AN AWARD OF PREJUDGMENT INTEREST ON THE UNPAID FRINGE BENEFIT CONTRIBUTIONS.

Prejudgment interest has been given as a matter of right in enforcement of collective bargaining agreements where there is a sum certain due. *Eazor Express, Inc. v. International Brotherhood of Teamsters,* 520 F.2d 951, 973 (3rd Cir. 1975); *Employer-Teamsters, etc. v. Weatherall Concrete, Inc.*, 468 F.Supp. 1167, 1171 (S.D. W.Va. 1979). Under Section 502 (g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], an award of prejudgment interest is now mandatory.

Prejudgment interest is "determined by using the rate provided under the plan, or, if not provided, the rate prescribed under [26 U.S.C. § 6621]." 29 U.S.C. 1132 (g)(2). Here, the Master Agreement is silent regarding the interest rate, so we must look to 26 U.S.C. § 6621. Under 26 U.S.C. § 6621, interest is compounded on a daily basis. *See* Rev. Rul. 2009-17. According to IRS Revenue Ruling 2009-17, for the period of December 2003 through July 2009, the interest rates fluctuated from the lowest rate of 4% to the highest rate of 8%. Interest on the fringe benefit contributions owed by Defendant, calculated from the date the contributions were due through the date of the trial, July 7, 2009, and calculated at the rates prescribed in IRS Revenue Ruling 2009-17, totals $68,208.92.

To be clear, Congress fully intended that the interest provided for in 1132(g) apply even when the underlying plan did not make such provisions:

///

- 8 -

> It is intended that the specific provisions of this section concerning interest and liquidated damages are not limitations on the amounts otherwise set forth in collective bargaining agreements or plan documents; they constitute a minimum, not a maximum. For example, we understand that there are multiemployer plans which currently provide, in the event of employer contribution delinquency, for the payment of interest and liquidated damages which are in excess of the provisions of this section. Such practice will not be affected by the provisions of this section which directs a court to award unpaid contributions, **interest**, liquidated damages, reasonable attorney's fees, and costs **as well as where the plan does not sufficiently address such items**."

*Id.*, 522 F.Supp. at 927 (emphasis added)[quoting 126 Cong. Rec. H7899 (daily ed. August 26, 1980)].

### IV. PURSUANT TO 29 U.S.C. § 1132 (g)(2)(C) THE TRUSTEES ARE ENTITLED TO AN AWARD OF DOUBLE INTEREST.

The Master Agreement provides for an award of liquidated damages in the amount of ten percent (10%) of the unpaid contributions, which in this case would be $27,474.41. However, because the amount of prejudgment interest is greater than the ten percent liquidated damages, the Trustees are entitled to an award of double interest. *See Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.,* 746 F.2d 557, 569 (9th Cir. 1984)(awarding "double interest" under the related Master Survey Agreement). In *Beck Engineering, supra*, 746 F.2d 557 at 569, the Ninth Circuit held that an award of interest and liquidated damages, **or double interest**, was mandatory under 29 U.S.C. § 1132(g)(2) and stated that "[i]t is settled Ninth Circuit law that this provision is mandatory and not discretionary." Therefore, the Trustees are seeking a total of $136,417.43 as double interest in this matter. See Declaration of Michael Babel In Support of Motion For Attorneys' Fees, Double Interest, and Costs ("Decl. Babel"), ¶ 5.

### V. THE TRUSTEES ARE ENTITLED TO AUDIT FEES.

Pursuant to 29 U.S.C. § 1132(g)(2)(E) and the Master Labor Agreement, the Trustees seek to collect the audit fees expended in this action. Decl. Babel, ¶ 4.

- 9 -

Defendant owes the Trustees audit fees in the amount of at least $5,000.00. *Id.* The cost of the audit to the Trustees exceeded the amount being sought. *Id*. As a result, the Court should award the Trustees the total amount of $5,000.00 for audit fees.

## VI. CONCLUSION.

The Trustees respectfully request that the Court award the Trustees the following amounts in addition to the unpaid fringe benefit contributions of **$274,744.05**:

| | |
|---|---|
| Attorneys' Fees | $199,195.43 |
| Double Prejudgment Interest | $136,417.84 |
| Audit Costs | $   5,000.00 |
| TOTAL: | **$340,613.27** |

Respectfully submitted,

DATED: September 14, 2009    LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ - *Marija Kristich Decker*
Marija Kristich Decker
Counsel for Plaintiffs Trustees of the
Operating Engineers Pension Trust, et al.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

243943.1