1  TODD R. HAAS (SBN 190868),
   thaas@selmanbreitman.com
2  SELMAN BREITMAN LLP
   550 West "C" Street, Suite 1950
3  San Diego, CA  92101
   Telephone: (619) 564-3600
4  Facsimile:  (619) 564-3636

5  Attorneys for Defendant
   NANCIE'S SWEEPING, INC.,
6  a California corporation

7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING INGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,, <br><br> Plaintiff, <br><br> v. <br><br> NANCIE'S SWEEPING, INC., <br><br> Defendant. | CASE NO.  CV 08-05287 SVW (FFMx) <br><br> Judge: Hon. Stephen V. Wilson <br> Dept.: 6 <br><br> DEFENDANT NANCIE'S SWEEPING, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS <br><br> Date: October 5, 2009 <br> Time: 1:30 p.m. <br><br> Complaint Filed: 08/12/08 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant NANCIE'S SWEEPING, INC. ("Nancie's Sweeping") hereby submits the following opposition to the TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF  THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST (collectively "plaintiffs") Motion for Attorneys' Fees, Double Interest, and Costs:

/ / /

/ / /

1

## I. INTRODUCTION

The Court's Findings of Fact and Conclusions of Law resulted from a one-day bench trial, during which Nancie's Sweeping stipulated to the admissibility of the majority of the evidence and documents. Nancie's Sweeping disputed the total amounts due, claiming that the hours reported were less than the alleged actual hours because in some instances the invoices reflected work performed by subcontractors and in other instances the employees waived fringe benefit contributions to be paid in cash. Nancie's Sweeping also argued that the "missing invoices" claim was not supported by credible evidence. Nancie's Sweeping argued that certain amounts had been resolved in prior audits of Nancie's Sweeping, and that these amounts could not be recovered as they were beyond the statute of limitations, were subject to waiver and estoppel, or were subject to prior payments of disputed amounts. Plaintiffs claimed over $600,000 in damages.

The Court, after the one-day bench trial, denied plaintiff's claim for approximately $300,000 in damages (which was made pursuant to the "missing invoice" theory), but granted judgment in favor of plaintiffs for the remainder of the damages, minus certain errors which were conceded at trial. The award was for $274,744.05. By this Motion, plaintiffs seek to recover $340,613.27 (above the $274,744.05 award), which consists of: (1) attorneys' fees of $199,195.43; (2) "Double Interest" of $136,417.43; and (3) Audit Costs of $5,000.00.

Nancie's Sweeping asks this Court to exercise its discretion in reducing the attorneys' fees because Nancie's Sweeping acted reasonably and in good faith because there were significant portions of the auditor's findings that covered prior audits which had been resolved and released by plaintiffs and Nancie's Sweeping believed that it was reporting its hours correctly given the waivers that had been accepted (and were accepted relating to other companies), and the use of subcontracted companies for work performed on a Nancie's Sweeping ticket. The auditor was aware of the waivers and the use of subcontracted work, and the evidence showed that portions of his findings were based upon this subcontracted work and the waivers. As shown throughout the one-day bench trial, plaintiffs were attempting to recover amounts which were subject to audits in 2003 and 2005.

For these reasons, Nancie's Sweeping asks this Court to reduce the alleged attorneys' fees.

## II. FUNDAMENTAL FAIRNESS AND DUE PROCESS REQUIRE A REDUCED ATTORNEY FEE AWARD.

It is well-settled that the award of attorneys' fees is a matter within the discretion of the trial court. (*Jacobsen v. Rose*, 592 F.2d 515 (9th Cir. 1978); *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978).) In determining reasonable attorneys' fees, the district court should consider the relevant factors as outlined in *Seymour v. Hull & Moreland Engineering*, 418 F.Supp. 190, 197 (C.D.Cal.1976), modified, 605 F.2d 1105 (9th Cir.1979) and *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir.1980). Under *Hummel*, this Court should consider five factors in determining an award of fees under Section 1132(g): (1) the culpability and good faith of the opposing party; (2) the ability of the party to pay fees; (3) the increased deterrence that would result from the award; (4) whether a number of beneficiaries would benefit from the award of fees; and (5) the relative merits of the parties' positions. (*Hummel*, 634 F.2nd at 453.)

Here, fundamental fairness and due process require a reduced attorney fee award. Nancie's Sweeping prevailed at trial relating to over 50% of the alleged damages. Particularly, the Court agreed with Nancie's Sweeping that plaintiffs failed to adequately prove that the alleged "missing invoices" were billed to alleged contractors covered by the Agreement or that there were even any such invoices in the first place. As a result of this, fundamental fairness and due process require that any award of attorneys' fees be reduced in proportion to the claim of "missing invoices." Since the total claim of plaintiffs for purposes of trial was $562,895.61, and plaintiffs were awarded $274,744.05 (or 48.81% of the total amount sought), it is reasonable for this Court to reduce the attorneys' fee award by this same proportion. Thus, Nancie's Sweeping asks this Court, in its discretion in fixing a *reasonable* attorneys' fee award, to reduce the attorneys' fees from $199,195.43 to **$95,613.81.**

Furthermore, in determining a *reasonable* amount of attorneys' fees this Court can consider the *Hummel* factors and reduce the attorneys' fees even further. The first *Hummel* factor favors Nancie's Sweeping. The evidence presented at trial showed that Nancie's Sweeping believed that it was reporting the hours correctly because many of the invoices reflected work of subcontractors and there were instances where it paid its employees pursuant to a waiver signed by

the employees. With regard to the culpability and good faith of Nancie's Sweeping, it appears without dispute that Nancie's Sweeping believed that it was reporting its hours correctly given the waivers that had been accepted (and were accepted relating to other companies), and the use of subcontracted companies for work performed on a Nancie's Sweeping ticket. The auditor was aware of the waivers and the use of subcontracted work, and the evidence showed that portions of his findings were based upon this subcontracted work and the waivers.

Added to this, Nancie's Sweeping acted reasonably and in good faith because there were significant portions of the auditor's findings that covered prior audits which had been resolved and released by plaintiffs. As shown throughout the one-day bench trial, plaintiffs were attempting to recover amounts which were subject to audit in 2003 (and which resulted in a settlement agreement with a California Civil Code section 1542 waiver), and plaintiffs were also trying to recover for amounts that were also subject to a prior audit in 2005 (and which resulted in a resolution and letter from plaintiffs that Nancie's Sweeping was no longer delinquent).

Given the record evidence and weight of the testimony, it is reasonable to conclude that the first *Hummel* factor used in determining the reasonableness of an attorneys' fee award (the culpability and good faith of the opposing party) favors defendant Nancie's Sweeping. Any award of attorneys' fees should be reduced and/or eliminated since the district court is allowed to factor in the culpability and good faith of the opposing party in determining the reasonableness of any attorneys' fees award.

The second *Hummel* factor also favors Nancie's Sweeping. As shown by the evidence presented at trial, Nancie's Sweeping is a small corporation who performs industrial street sweeping services. The trial testimony of Nancie Reyes showed that Nancie's Sweeping is not a sophisticated entity with enormous resources. Nancie Reyes testified that at the time of trial (and still) Nancie's Sweeping is on the brink of bankruptcy, and all of the Nancie's Sweeping assets are heavily encumbered. She further testified that Nancie's Sweeping has been placed on the delinquent list, and is, therefore, not entitled to continue to perform work on union jobs. Thus, the second *Hummel* factor (the ability of the party to pay fees) also falls in favor of a reduction in the amount of attorneys' fees since the evidence at trial and the trial testimony appear to undisputedly

show that Nancie's Sweeping will unlikely be able to pay any such award of attorneys' fees.

The fourth *Hummel* factor also favors Nancie's Sweeping. Here, the only party which benefits from any award of fees would be plaintiffs. Plaintiffs are not acting on behalf of its employees in seeking this award, since the trial evidence showed that the employees have waived any claim for union benefits. Added to this, the trial evidence also showed that the employees for which benefits were being sought may have already obtained collection of benefits since the work was performed by other union contractors and the benefits appear to have been paid by those other union contractors (or, at a minimum, the other union contractors were obligated to make the benefit payments). Therefore, given the unique facts of this case as presented during the one-day bench trial in this matter, the fourth *Hummel* factor favors Nancie's Sweeping because plaintiffs are not acting on behalf of a defined class of individuals, but appear to be seeking collection of benefits from unnamed, unknown employees for which payment of benefits were made by other union contractors.

The fifth *Hummel* factor (the relative merits of the parties' positions) also favors a reduction in the amount of the reasonable attorneys' fees. As this Court is well aware, Nancie's Sweeping contemplated bankruptcy in lieu of moving forward with trial in this matter. Nonetheless, Nancie's Sweeping appeared at trial to oppose certain claims regarding this matter. Specifically, it was Nancie's Sweeping's position that Nancie's Sweeping believed that it was reporting its hours correctly given the waivers that had been accepted (and were accepted relating to other companies), and the use of subcontracted companies for work performed on a Nancie's Sweeping ticket. The auditor was aware of the waivers and the use of subcontracted work, and the evidence showed that portions of his findings were based upon this subcontracted work and the waivers. At trial, Nancie's Sweeping acted reasonably and in good faith because there were significant portions of the auditor's findings that covered prior audits which had been resolved and released by plaintiffs. Nancie's Sweeping contended that plaintiffs were attempting to recover amounts which were subject to audit in 2003 (and which resulted in a settlement agreement with a California Civil Code section 1542 waiver), and plaintiffs were also trying to recover for amounts that were also subject to a prior audit in 2005 (and which resulted in a resolution and letter from

plaintiffs that Nancie's Sweeping was no longer delinquent).

Although Nancie's Sweeping did not prevail relating to the merits of all of its defenses, the relative merits of Nancie's Sweeping's position favors a reduction of the attorneys' fees claim. First, Nancie's Sweeping did prevail on certain issues with the auditor's findings. As such, the relative merits of its position favors a reduction. Second, Nancie's Sweeping was forced into a trial in this matter since plaintiffs would not concede any of the issues prior to trial, and plaintiffs contended that they were entitled to 100% recovery. As such, Nancie's Sweeping had no other choice but to move forward with trial in this matter and seek to raise all available defenses. Third, plaintiffs sought recovery of amounts that were already raised in prior audits, for which the applicable statute of limitations had run, and for which settlement agreements and releases had been exchanged. Based upon this, Nancie's Sweeping was forced into litigation of this claim to determine whether plaintiffs would be limited to the amounts not covered by the prior audits and settlement agreement. Last, as the evidence showed, Nancie's Sweeping attempted to provide all relevant documentation to plaintiffs as part of the audit process, but was unable to do so since Nancie's Sweeping does not maintain records and books in the manner requested by plaintiffs' auditor. Based upon the record evidence, the relative merits of the case favor Nancie's Sweeping and require a reduction of any attorneys' fees award.

### III. PLAINTIFFS' ATTORNEYS FEES ARE UNREASONABLE AND RELATE TO CLAIMS OTHER THAN THOSE MADE IN THIS ACTION.

In establishing attorneys' fees, the party seeking an award of fees has the burden to show that his fees were both reasonable and necessary, and must make an adequate showing of the hours worked. (*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).) Time records and billing entries should be comparable to those that a private attorney would present to a client to substantiate a fee. (*Evers v. County of Custer*, 745 F.2d 1196, 1205 (9th Cir. 1984).) Thus, in order to prevail on this Motion, plaintiffs must show, with adequate records, that the number of hours expended on this litigation are reasonable.

Under California law, secretarial work is subject to a motion to strike and a motion to disallow attorneys' fees. (*Levy v. Toyota Motor Sales, U.S.A., Inc.* (1992) 4 Cal.App.4th 807.)

Purely clerical or secretarial tasks should not be billed, regardless of who performs them. (*Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) (holding that billing for purely clerical or secretarial work at paralegal rates in improper.) "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. . . Its dollar value is not enhanced just because a lawyer does it." (*Johnson v. Georgia Highway Express, Inc.* (1974) 488 F.2d 714, 717.) Furthermore, courts should reduce an award of attorney's fees for performance of clerical functions. (See *In re Maruko, Inc.*, (S.D. Cal. 1993) 160 B.R. 633; *Decibus v. Woodbridge Township Dept.* (D. N.J. 1991) 1991 U.S. Dist. LEXIS 4956, No. 88-2926 ("Rates should be in direct correlation to the task performed.").) Of course, purely clerical or secretarial tasks should not be billed, <u>regardless of who performs them</u>. (*Missouri v. Jenkins* (1989) 491 U.S. 274, 288 (holding that billing for purely clerical or secretarial work at paralegal rates in improper.)

Furthermore, "[i]If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." (*Johnson v. Georgia Highway Express, Inc.* (1974) 488 F.2d 714, at 717.)

Here, Nancie's Sweeping raises three issues regarding the reasonableness of the attorneys' fees incurred by plaintiffs. <u>First</u>, the overall amount of time spent on this case clearly exceeds a reasonable amount given that the case was only active for 8 months, Nancie's Sweeping engaged in limited discovery, and the case culminated in a one-day bench trial. The issues in the case were not complex, and were summarized by Mike Babel, plaintiffs' auditor. It is unreasonable that plaintiffs incurred over 1,000 hours of legal time relating to such a case, particularly when the critical issue in the case was summarized, analyzed, and testified to by Mike Babel, plaintiff's auditor (not a member of the attorneys making this claim). This is particularly true since the audit was not even finalized until March, 2008 (after the discovery cut-off date), and only two depositions were taken. In addition to this, and as presented to the Court during the one-day bench trial, Nancie's Sweeping did very little to defend the case, as Nancie's Sweeping provided notice

that it intended to file for bankruptcy protection rather than face protracted litigation.

As the detail fee transaction file list shows, an unreasonable amount of time was spent on this case in light of the unique facts of this case. As such, Nancie's Sweeping seeks a finding that a reduction in the attorneys' fees sought is necessary.

<u>Second</u>, a review of the detail fee transaction file list shows that clerical and secretarial tasks were billed, despite the mandate in *Missouri v. Jenkins*, *Johnson v. Georgia Highway Express, Inc.*, and *Decibus v. Woodbridge Township Dept.* Timekeepers Anthony Puente, Jr., Kimberley A. Morrison, and Nicole E. Gomez all performed tasks that were properly secretarial or clerical tasks, but for which plaintiffs seek reimbursement at a paralegal rate of $95.00 per hour. This Court must reduce any award of attorneys' fees for performance of clerical functions. (See *In re Maruko, Inc.*, supra and *Decibus v. Woodbridge Township Dept.*, supra.) Since the time billed by timekeepers Anthony Puente, Jr., Kimberley A. Morrison, and Nicole E. Gomez constitute purely clerical or secretarial tasks such amounts should not be awarded, <u>regardless of who performs them</u>. (*Missouri v. Jenkins* (1989) 491 U.S. 274, 288.) For example, Ms. Gomez scanned documents (clerical function), sorted documents (clerical function), assembled notices (clerical function), created lists (clerical function), and coordinated witnesses (clerical function).

<u>Third</u>, a review of the detail fee transaction file list shows that numerous attorney timekeepers worked on this case, despite the fact that only one attorney actually presented argument and evidence at trial, and only one attorney filed and argued any motions or briefs. A review of the detail fee transaction file list shows that timekeeper Christopher M. Lacquer, Michael A. Urban, and Susan G. Lovelace each had various inter-office conferences in this matter with Ms. Decker, but their time entries show that duplication of effort along with the improper utilization of time occurred, which "should be scrutinized." Indeed, the time of these two or three lawyers, even if present in a courtroom or during a conference when one would do, should be discounted pursuant to *Johnson v. Georgia Highway Express, Inc.* (1974) 488 F.2d 714, at 717.

Based upon this, Nancie's Sweeping seeks a reduction of hours for attorneys' fees in proportion to the time spent for clerical and secretarial tasks, and the time spent for duplication of efforts (based upon attorneys performing the same function).

Additionally, it appears that plaintiff's attorneys' fees were incurred relating to other cases involving these same parties. Plaintiffs cannot recover for other actions which were not the subject of this one-day bench trial. Nancie's Sweeping seeks a reduction of 16.20 hours for timekeeper MDK relating to the appearance and opposition to the temporary restraining order hearing in Norwalk, California.

### IV. THE COPYING COSTS, SCANNING COSTS AND LEGAL RESEARCH FEE COSTS ARE UNREASONABLE AND NANCIE'S SWEEPING SEEKS PRODUCTION OF ACTUAL INVOICES.

Plaintiffs seek copying costs of $0.25 per page and scanning costs of $0.25 per page. Nancie's Sweeping contends that a $0.25 per page charge is unreasonable, particularly since many of the copies were made electronically, and there would be a limited charge for such scanning. Nancie's Sweeping hereby provides notice of its intent to obtain actual invoices or other documentation supporting such charges.

Additionally, plaintiffs seek $1,416.51 in Lexis-Nexis charges. Nancie's Sweeping contends that such charges (and, in particular, a one-day charge of $695.39) are unreasonable. Nancie's Sweeping hereby provides notice of its intent to obtain actual invoices or other documentation supporting such charges.

### V. AN AWARD OF PRE-JUDGMENT INTEREST IS A QUESTION OF FAIRNESS.

Contrary to plaintiffs' moving papers, the decision whether a district court may award pre-judgment interest on past-due benefits in ERISA cases is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities. (*Employee Retirement Income Security Act of 1974*, § 2 et seq., 29 U.S.C.A. § 1001 et seq.; see also *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir.2007).) "[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness." (*United States v. Pend Oreille County Pub. Util. Dist. No. 1*, 135 F.3d 602, 613 (9th Cir.1998) (quoting *Bd. of Comm'rs of Jackson County v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313 (1939)). "Among the factors to be considered in determining whether prejudgment interest should be awarded is the presence or absence of bad faith or ill

will." (*Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir.1995) (quotation marks omitted).)

In this case, the alleged non-payment of benefits, at best, was the product of innocent and inaccurate record-keeping. As testified at length at trial, Nancie's Sweeping believed that it was reporting the hours correctly because many of the invoices reflected work of subcontractors and there were instances where it paid its employees pursuant to a waiver signed by the employees. With regard to the culpability and good faith of Nancie's Sweeping, it appears without dispute that Nancie's Sweeping believed that it was reporting its hours correctly given the waivers that had been accepted (and were accepted relating to other companies), and the use of subcontracted companies for work performed on a Nancie's Sweeping ticket. The auditor was aware of the waivers and the use of subcontracted work, and the evidence showed that portions of his findings were based upon this subcontracted work and the waivers.

Fundamental fairness requires that pre-judgment interest not be awarded under the unique facts of this case. Plaintiff's auditor admitted at trial that plaintiffs accept waivers, yet Nancie's Sweeping use of the same waivers was somehow denied. Furthermore, Nancie's Sweeping reasonably relied on the use of subcontracted work in reporting hours, yet it appears that not all of the hours for this subcontract work was deducted by Mr. Babel. For these reasons, an award of pre-judgment interest would be unfair. Even more so, an award of "double" pre-judgment interest would be fundamentally unfair given the unique facts of this case.

## VI. CONCLUSION.

For the foregoing reasons, Nancie's Sweeping seeks an award reducing the attorneys' fees and costs, and not awarding pre-judgment interest. Such a ruling would promote fundamental fairness, ensure due process, and would be consistent with federal law.

DATED: September 21, 2009

SELMAN BREITMAN LLP

By: _____
TODD R. HAAS
Attorneys for Defendant
NANCIE'S SWEEPING, INC., et al.