**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar # 207387
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958
Decker@luch.com

Counsel for Plaintiffs,
Trustees of the Operating Engineers Pension Trust, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>NANCIE'S SWEEPING, INC., a California corporation,<br><br>Defendant. | CASE NO.: CV 08-05287 SVW (FFMx)<br><br>**REPLY TO DEFENDANT NANCIE'S SWEEPING, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS**<br><br>DATE: October 5, 2009<br>TIME: 1:30 p.m.<br>CTRM: 6 |

**TO THE COURT, DEFENDANT, AND ITS ATTORNEY OF RECORD:**

The Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust (collectively "Trustees"), hereby provide the following reply to defendant's opposition to plaintiffs' motion for attorneys' fees, double interest, and costs:

- 1 -

## I. INTRODUCTION.

Nancie's Sweeping, Inc. ("Nancie's Sweeping") does not dispute the entitlement to, or the amount of, the audit costs. Nancie's Sweeping also does not dispute the amount of the hourly rates charged by the Trustees' firm. The dispute concerns the number of hours spent on this case and whether the Trustees can recover amounts worked and billed by paralegals. The arguments asserted by Nancie's Sweeping in support of a reduction of fees are irrelevant and disingenuous in light of the lack of cooperation exhibited by Nancie's Sweeping throughout every aspect of this case.

The number of hours spent in connection with this case is reasonable in light of the facts and circumstances. Nancie's Sweeping did not cooperate with the Trustees in completing an audit before or during litigation. Because Nancie's Sweeping destroyed and/or failed to maintain adequate payroll and related records, the Trustees were required to subpoena the records of more than fifty-five (55) of Nancie's Sweeping's customers to obtain invoices and employee time tickets in order to complete an audit. Throughout this action, Nancie's Sweeping was anything but cooperative. *See Declaration of Marija Kristich Decker* ("Decl. Decker") *In Support of Motion For Attorneys' Fees, Double Interest and Costs*, previously filed. In fact, this Court recognized the uncooperative nature of defendant and its counsel and precluded Nancie's Sweeping from presenting any exhibits at trial. Despite Nancie's Sweeping's lack of cooperation and attempts to frustrate the litigation process, the Trustees pursued this action to recover unpaid fringe benefit contributions as they are required to do as fiduciaries of the Trust Funds.

## II. THE AWARD OF ATTORNEYS' FEES IS MANDATORY UNDER 29 U.S.C. §1132 (g)(2)(D).

Nancie's Sweeping's reliance on *Hummel v. S.E. Sykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), in support of its contention that the Trustees attorneys' fees should be reduced is misplaced. The present action was brought pursuant to 29 U.S.C. § 1132(g)(2) by fiduciaries on behalf of the plans to enforce section 29 U.S.C. § 1145. If

- 2 -

REPLY TO DEFENDANT NANCIE'S SWEEPING, INC.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS

246641.1

the Court awards a judgment in favor of the Trustees, then attorneys' fees are mandatory. *See* 29 U.S.C. § 1132(g)(2)(D). *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984); *Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc.,* 795 F.2d 1501, 1508 (9th Cir. 1986).

Of course the *amount* of the fees is within the discretion of the court. The action in *Hummel,* however, was pursuant to 29 U.S.C. § 1132 (g)(1) which grants the court discretion in whether to award fees and costs to either party in other ERISA matters. *See Hummel*, 634 F.2d at 452 (emphasis added). The *Hummel* factors have been applied by Courts in cases brought under 29 U.S.C. §1132(g)(1) and should not be applied in actions under 29 U.S.C. §1132(g)(2). *See generally, Tingey v. Pixley-Richards West, Inc.,* 958 F.2d 908 (9th Cir. 1992); *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743 (9th Cir. 1994). Therefore, the arguments raised by Nancie's Sweeping related to the *Hummel* factors should be ignored. Instead, the Court should consider the "*Johnson Kerr*" factors as discussed in the Trustees' opening brief.

III.  **MANDATORY ATTORNEYS' FEES MUST BE "REASONABLE," NOT PROPORTIONAL.**

Pursuant to 29 U.S.C. § 1132(g)(2)(D), the attorneys' fees awarded must be "reasonable." In *McElwaine v. US West, Inc*, 176 F.3d 1167, 1173 (9th Cir. 1999), the Ninth Circuit held that reasonable attorneys' fees in ERISA case are to be calculated using a hybrid lodestar/multiplier approach.

Various courts have opined on what "reasonable" means under 29 U.S.C. § 1132(g)(2)(D), but no court has held that reasonableness may be determined based upon the amount of other damages awarded. To the contrary, in *Operating Engineers Pension Trust v. B & E Backhoe*, 911 F.2d 1347, 1355, the Ninth Circuit refused to adopt a "de minimus" rule and held that a "reasonable" award should be determined by applying the twelve factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) to determine what is reasonable.

Many courts have expressly rejected requiring proportionality between the amount of damages recovered and the amount of attorneys' fees awarded in actions under ERISA, which is the approach advocated by Nancie's Sweeping. *See*, *Operating Engineers Pension Trust v. B & E Backhoe*, *supra*, 911 F.2d 1347, 1355; *United Automobile Workers Local 259 v. Metro Auto Center,* 501 F.3d 283, 294 (3rd Cir. 2007); *Bldg. Serv. Local 47 v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir.1995); *Bd. of Trs. of the Hotel & Rest. Employees, Local 25 & Employers' Health & Welfare Fund v. Madison Hotel, Inc.,* 43 F.Supp.2d 8, 14 (D.D.C.1999). Nothing in the text of 29 U.S.C. § 1132(g)(2)(D) suggests that to be "reasonable," fees must be proportional. *United Automobile Workers Local 259. v. Metro Auto Center*, *supra*, 501 F.3d 283, 294. To the contrary, "rejecting a proportionality rule with regard to § 1132(g)(2)(D) is consistent with the purpose of the provision. ERISA provides 'for appropriate remedies, sanctions, and ready access to the federal courts' in order to 'protect interests of participants in employee benefit plans and their beneficiaries.'" *Id*. The policy behind the statute is to make plans whole. *See Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company*, 522 F.Supp. 919, 927 (E.D. Mich. 1981) [quoting the House Committee on Education and Labor Report, H.R.Rep. No. 869, 96th Cong., 2d Sess. (1980) Part I]. *See* discussion in Trustees' opening brief on page 6.

Furthermore, ERISA requires the Court to state how it determined the reasonableness of the award. "The district court should provide a concise but clear explanation of its reasons for the fee award." *Trustees of the Construction Industry v. Redland Insurance Company*, 460 F. 3d 1253, 1257 (9th Cir. 2006). Merely using a proportionality test, would not explain whether the attorneys' fees incurred in this case are "reasonable."

Lastly, even if the Court applied the factors set forth in *Hummel*, the factors weigh heavily in favor of the Trustees. First, the reasons asserted by Nancie's Sweeping for a reduction with respect to all of the *Hummel* factors, including but not

- 4 -

**REPLY TO DEFENDANT NANCIE'S SWEEPING, INC.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS**

246641.1

limited to: (1) that it believed it was reporting the hours correctly because many of the invoices reflected work of subcontractors, (2) that employees signed waivers, or (3) that the Trustees were attempting to recover amounts subject to a previous audit, were <u>*all*</u> rejected by this Court in issuing its Findings of Fact and Conclusions of Law. *See also, J.I. Case Co. v. National Labor Relations Board*, 321 U.S. 332, 336-340 (1944) (individual contracts with employees could not act as a waiver of any benefit to which an employee was entitled to under a collective bargaining agreement). As a result, these arguments are irrelevant and the Court should reject Nancie's Sweeping's attempt to resurrect unsuccessful arguments asserted at the bench trial. Furthermore, at this stage it is disingenuous for Nancie's Sweeping to argue that it acted in good faith when it failed to pay more than $274,744.05 in fringe benefit contributions to the Trust Funds. Moreover, the Court found Nancie's Sweeping's only witness Nancie's Reyes to be **not** credible.

With respect to the second *Hummel* factor, Nancie's Sweeping has not provided any evidence that it cannot satisfy the award of the full amount of the attorneys' fees. Nancie's Sweeping has only threatened but has not filed for bankruptcy. Filing for bankruptcy would require Nancie's Sweeping to open its financial records to the scrutiny of the bankruptcy process, something it likely will not do.

With respect to the deterrence factor, an award of the full amount of attorneys' fees would deter others from engaging in similar conduct. In fact, the evidence at trial showed that the information obtained concerning the contractors for which Nancie's Sweeping worked was provided to the Trust Funds by contractors and competitors of Nancie's Sweeping. The contractors and competitors are watching closely. Nancie's Sweeping's failure to pay the fringe benefit contributions, creates an un-level playing field for others providing similar services. Those who abide by the collective bargaining agreement have higher labor costs. By not paying the fringe benefit contributions to the Trust Funds, Nancie's Sweeping has a competitive advantage as to the amount it charges for services, and has an increased profit margin. Therefore, this

factor heavily favors the Trustees as a full award of attorneys' fees would deter others from failing to pay required fringe benefit contributions.

With respect to the fourth factor, awarding the full amount of the attorneys' fees to the Trustees benefits all participants and beneficiaries of the Trust Funds as it would make the Trust Funds whole. The Operating Engineers Pension Trust and the Operating Engineers Health and Welfare Fund are defined benefit plans. This means that the fringe benefit contributions are pooled to provide certain benefits to all participants and beneficiaries. In other words, the contributions are <u>not</u> placed in separate accounts for each participant as in a defined contribution plan such as a 401k account. Actuaries make certain assumptions based upon, among other things, the number of participants, and the amount of contributions, to determine the level and type of benefits provided by the Trust Funds to its participants. In pursuing this action, the Trustees are acting on behalf of the participants and beneficiaries of the funds since the monies are pooled to provide all participants benefits. As a result, an award of the full amount of the fees to the Trustees benefits all participants and beneficiaries as it compensates the fiduciaries of the Trust Funds for their attorneys' fees in pursing their claims.

With respect to the fifth factor, as the Court did in reaching its findings of fact and conclusions of law (and as already discussed above), the Court should reject Nancie's Sweeping's rationale for a reduction of attorneys' fees.

**IV.   THE MASTER LABOR AGREEMENT AND THE PUBLIC POLICY OF ERISA FAVORS AN AWARD OF ALL ATTORNEYS' FEES IN CONNECTION WITH THE DELINQUENCY.**

The language of the Master Agreement provides for an award of attorneys' fees in connection with a delinquency. A review of the legislative history of the statute provides further proof that Congress intended that trust funds be awarded the full measure of damages set forth in the statute.

///

> Delinquencies of employers in making required contributions are a serious problem. Failure of employers to make promised contributions in a timely fashion imposes a variety of costs on plans…The public policy of this legislation to foster the preservation of the private multiemployer plan system mandates that provision be made to discourage delinquencies and simplify delinquency collection…A plan sponsor that prevails in any action to collect delinquent contributions will be entitled to recover the delinquent contributions, court costs, attorney's fees, and **double interest** on the contributions owed. The intent of this section is to promote prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies.
> <u>Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company</u>, 522 F.Supp. 919, 927 (E.D. Mich. 1981) (emphasis added) [quoting the House Committee on Education and Labor Report, H.R.Rep. No. 869, 96th Cong., 2d Sess. (1980) Part I].

The Trustees seek attorneys' fees for amounts incurred in connection with the delinquency beginning the month the case was referred to legal counsel through the date of trial, including responding to an application for a temporary restraining order in state court during the pendency of this trial. *See Decl. Decker*, ¶ 4. Based upon the language of the Master Agreement and the policy considerations of ERISA, the Court should award the full amount of the attorneys' fees incurred by the Trustees in connection with the delinquency.

The award of attorneys' fees should also include amounts for copying, printing and legal research fees. *See Trustees of the Construction Industry v. Redland Insurance Company, supra*, 460 F. 3d 1253, 1259; *Toven v. Metropolitan Life Insurance Co.,* 2009 U.S. Dist. LEXIS 20800, 14 (C.D. Ca. 2009); 29 U.S.C. § 1132(g)(2)(D). Nancie's Sweeping has not presented any evidence to support its contention that the amount of the Trustees' copying, printing and legal research fees are unreasonable. The Trustees' request that the Court award $17,228.43 for these costs as attorney's fees. *Id.*

The Trustees are also entitled to claim time worked and billed by paralegals. *Id.* A close examination of the attorney's fees detail transaction list shows that the

- 7 -

**REPLY TO DEFENDANT NANCIE'S SWEEPING, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS**

246641.1

paralegals performed work of a legal nature. Under the supervision of an attorney, paralegals Kimberly Morrison and Nicole Gomez, among other things, were responsible for drafting document subpoenas and witness subpoenas for trial. Similarly, paralegal Anthony Puente, Jr. was charged with the responsibility of preparing the trial exhibits – which were numerous. The work performed by these paralegals required the use of independent judgment and the knowledge and understanding of the Federal Civil Rules of Procedure and the Local Rules of the Central District Court. In short, these individuals did not perform purely clerical work and the amounts worked and billed should be included in the attorneys' fees award.

Lastly, the time billed for conferences with other attorneys is not duplication of work. Nancie's Sweeping's arguments that one attorney would do at a conference defy logic. The time billed relates to conferences with attorneys in the firm. It is not unusual for an attorney to discuss various aspects of a case with a supervisory attorney or another attorney in the firm for advice or suggestions on how to handle various issues. This is what happened in this case. The ability to consult with other attorneys in one's firm is the benefit of working in a firm as opposed to working as a sole practitioner.

## V. AN AWARD OF PREJUDGMENT INTEREST IS **NOT** A QUESTION OF FAIRNESS; AN AWARD OF PREJUDGMENT INTEREST IS MANDATORY.

On at least three separate occasions the Ninth Circuit reversed the district court when it did not award interest on unpaid contributions owed to Trustees under the Master Labor Agreement. *Operating Engineers Pension Trust v. Harold E. Reed*, 726 F.2d 513, 514 (9th Cir. 1984); *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1342 (9th Cir. 1988); *Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.,* 746 F.2d 557, 569 (9th Cir. 1984) (awarding "double interest" under the related Master Survey Agreement).

///

**REPLY TO DEFENDANT NANCIE'S SWEEPING, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, DOUBLE INTEREST, AND COSTS**

246641.1

In *Operating Engineers Pension Trust v. Beck Engineering & Surveying Co., supra*, 746 F.2d 557 at 569, the Ninth Circuit held that an award of interest and liquidated damages, or **double interest**, was mandatory under 29 U.S.C. § 1132(g)(2) and stated that "[i]t is settled Ninth Circuit law that this provision is mandatory and not discretionary." (emphasis added).

## VI. DOUBLE PREJUDGMENT INTEREST IS MANDATORY.

Since interest is a mandatory award under 29 U.S.C. § 1132(g)(2)(B), under the "settled Ninth Circuit law" interpreting 29 U.S.C. § 1132(g)(2)(C)(i) an award of "double interest" is mandatory if the amount of interest is greater than the amount of liquidated damages provided by the plan. *Operating Engineers Pension Trust, vs. Beck Engineering*, *supra*, 746 F.2d at 569. That is the intent of Congress. *See*, *Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company*, *supra*, 522 F.Supp. at 927. Therefore, in this case the Trustees are entitled to $136,417.84 in double interest.

## VII. CONCLUSION.

For the reasons stated, the Trustees respectfully request the Court to award the Trustees $199,195.43 for attorneys' fees, $136,417.84 for double interest, and $5,000.00 for audit costs.

Respectfully submitted,

DATED: September 28, 2009   LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ - *Marija Kristich Decker*
Marija Kristich Decker
Counsel for Plaintiffs Trustees of the
Operating Engineers Pension Trust, et al.